IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD G. CHRONISTER and CHRISTINA )
CHRONISTER, )
                                    )
                Plaintiffs,         )   CIVIL ACTION
                                    )
                                    )   No. 21-1034-KHV
        v.                          )
                                    )
CITY OF DERBY, KANSAS,              )
                                    )
                Defendant.          )
_____)

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' Motion To Dismiss Without Prejudice Pursuant To FRCP 41(a) (Doc. #71) filed November 9, 2022, and the Court's Order To Show Cause (Doc. #73) filed November 11, 2022. In the Motion to Dismiss (Doc. #71), plaintiffs seek to dismiss their Fifth Amendment takings claim with prejudice and dismiss their state law claims without prejudice. The Court's Order To Show Cause (Doc. #73) directed plaintiffs to show cause why the federal takings claim should not be dismissed with prejudice, and the Court should not refuse to exercise supplemental jurisdiction over the state law claims and dismiss them without prejudice.

Under Rule 41(b), Fed. R. Civ. P., a dismissal for lack of an indispensable party typically does not operate as an adjudication on the merits. Such a dismissal does not bar a new action, for it is based merely "on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." Costello v. United States, 365 U.S. 265, 284–88 & n.5 (1961); see also Mallow v. Hinde, 25 U.S. 193, 196–99 (1827); Charles E. Clark, Handbook of the Law of Code Pleading 602 (2nd ed. 1947); Restatement of Judgments § 49 cmt. a, b (1942). For substantially the reasons stated in Defendant's Combined Response To Plaintiffs' Motion To Dismiss Without Prejudice (Doc. 71) And Plaintiffs' Response To Court's Order To Show Cause (Doc. 73)

(Doc. #75) filed November 21, 2022, however, the Court finds that defendant will be subject to substantial legal prejudice if dismissal on the eve of trial is granted without conditions.

Defendant has incurred significant effort and expense in litigating this case, which was fatally flawed from the outset on account of plaintiffs' failure to join as an indispensable party the Robert E. McHenry Irrevocable Family Trust No. 2 ("the Trust"). To date, plaintiffs' counsel has not offered a plausible explanation for its failure to join the Trust or tendered any justification for two years of litigation without joining the Trust. Plaintiffs' counsel had to have known from the outset that this case could not proceed without joinder of the Trust, an assignment of rights from the Trust or some other accommodation of its interests. Furthermore, the need for any litigation at all is unclear, given the current plans for remediation.

Defendant will suffer such manifest and substantial injustice if any part of this case is dismissed—on the literal eve of trial—that commensurate conditions are warranted. Accordingly, the Court proposes to dismiss plaintiffs' federal takings claim with prejudice and decline to exercise supplemental jurisdiction over plaintiff's state law claims on the conditions that (1) plaintiffs pay all court costs incurred in this litigation; (2) in any future lawsuit in either state or federal court, all discovery conducted in this case will be applicable and available to both parties; and (3) plaintiffs pay all attorneys' fees and expenses which defendant has incurred to date in this lawsuit.

It is generally accepted that "[t]he plaintiff has an option not to go forward with a [Rule 41(a)(2)] dismissal if the conditions specified by the court seem too onerous." 9 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2366 (2018); see also 8 James Wm. Moore et al., Moore's Fed. Prac. Civ. § 41.40 (2018) ("A plaintiff who finds the terms or conditions set by the court to be too onerous need not accept the dismissal, but is entitled to withdraw the motion and proceed with the action."); 27A Tracy Bateman et al., Fed. Proc., L. Ed. § 62:519 (2018) ("Although it is the court which

imposes the conditions on a Fed. R. Civ. P. 41(a)(2) voluntary dismissal, the plaintiff has the option not to dismiss if it feels that the conditions imposed by the court are too onerous."). Rule 41(a)(2) provides that after defendant has filed a responsive pleading and if the motion to dismiss is not by consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Rule thus empowers the district court to either dismiss the case on its own terms or to deny a requested dismissal, if those terms are not met. Acceptance of the court's terms must be voluntary, however, and "[a] court should not label something as a term and condition yet not afford the affected party an opportunity to consider his options before making his decision." Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 109 (2d Cir. 2018) (quoting Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir. 1994)). Accordingly, plaintiffs have "the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367–68 (D.C. Cir. 1981).

**IT IS THEREFORE ORDERED** that plaintiffs no later than 5:00 p.m. on December 5, 2022 file a formal acceptance of the foregoing conditions on the grant of their motion to dismiss. **If plaintiffs do not formally accept such conditions, the case will proceed to trial commencing December 9, 2022 at 9:00 a.m.**

Dated this 29th day of November, 2022 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge